IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DARRELL WAYNE BAILEY,          )
                               )
            Petitioner,        )
                               )
                               )          CIV-07-573-HE
v.                             )
                               )
MARTY SIRMONS, Warden,         )
                               )
            Respondent.        )


REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the conviction for

Robbery in the Second Degree after former conviction of two or more felonies entered in the

District Court of Comanche County, Case No. CF-2005-69.  Respondent has responded to

the Petition and filed the relevant state court records. The matter has been referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§636(b)(1)(B).  For the following reasons, it is recommended that the Petition be denied.

Petitioner's sole ground for habeas relief is the claim that the sentence of life

imprisonment imposed for his Comanche County conviction is excessive.  Petitioner was

charged with the offense of Robbery in the First Degree.  In a bifurcated jury trial, the jury

convicted Petitioner of the lesser-included offense of Robbery in the Second Degree.  After

hearing evidence in the second stage of the trial that Petitioner had three prior felony

convictions, the jury recommended a sentence of life imprisonment.   Petitioner was

sentenced in accordance with the jury's recommendation. In an appeal, Petitioner raised as

his sole claim of error that the sentence imposed for the Robbery conviction was excessive.

The Oklahoma Court of Criminal Appeals ("OCCA") rejected this claim in a summary

opinion.  Response, Ex. 3 (Bailey v. State, No. F-2005-811 (Okla. Crim. App. Aug. 21,

2006)(unpublished summary opinion)).   The OCCA made the following findings in its

decision with respect to the issue:

> Appellant concedes that the evidence, including his detailed
> confession to police, was sufficient to support his conviction.
> He does not dispute the fact that he had three prior felony
> convictions, one for a crime similar to the one committed in this
> case.   Although Appellant was charged with First Degree
> Robbery, and his own confession supported that charge, the jury
> initially showed some leniency by convicting him of the lesser
> offense of Second Degree Robbery.   However, once the jury
> heard about Appellant's criminal record in the punishment stage,
> it chose to impose the maximum sentence.  Appellant claims the
> jury may have been unfairly prejudiced by testimony that he
> admitted to using the proceeds of the robbery to visit a
> prostitute.   We find this argument unavailing for two reasons.
> First, this evidence was presented in the guilt phase of the trial;
> the jury found Appellant guilty of a lesser offense, strongly
> suggesting that the evidence was not prejudicial.   Second, we
> find this evidence was properly admitted, as it was part of
> Appellant's entire confession and contradicted his initial claim
> that he committed the crime due to financial hardship.
> A sentence will not be disturbed on appeal unless this
> Court finds it shocking to the conscience, considering all the
> relevant facts.  A harsh sentence may not be excessive if it is in
> response to the defendant's criminal history.   The sentence
> imposed here was harsh, but this Court cannot find any improper
> evidence or argument which could have unfairly affected the

jury's verdict.  Proposition 1 is denied.

Id. (internal citations omitted). In response to the Petition, Respondent contends that Petitioner has not asserted a constitutional claim that is cognizable in a federal habeas proceeding.

Standard of Review

When a state prisoner raises a constitutional claim in a 28 U.S.C. § 2254 petition that was rejected on its merits by the state's highest appellate court, habeas relief may be awarded only if the state appellate court's adjudication of the same claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254 (d).  This standard, adopted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), directs the focus of judicial review to the result of the state appellate court's decision, not its reasoning. Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  Under this standard, federal courts reviewing habeas claims that have previously been resolved on the merits in state courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).  A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion opposite to that reached by the Supreme Court on a question

of law or (2) decided an issue differently than the Supreme Court has on a set of materially

indistinguishable facts. Id. at 405-406.  The "state court decision is not 'contrary to ... clearly

established Federal law' simply because the court did not cite [Supreme Court] opinions."

Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*per curiam*).  "[A] state court need not even be

aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the

state-court decision contradicts them.'" Id. (quoting Early v. Packer, 537 U.S. 3, 8 (2002)(*per*

*curiam*)).  A state court decision involves an "unreasonable application" of Supreme Court

precedent if the state court "applies [the Supreme] Court's precedents to the facts in an

objectively unreasonable manner."  Brown v. Payton, 544 U.S. 133, 141 (2005); Williams,

529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).  With respect to the

"unreasonable application" requirement, "it is the habeas applicant's burden to show that the

state court applied [the Supreme Court case] to the facts of his case in an objectively

unreasonable manner," not merely that the state court decision applied the Supreme Court

case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*).  "[W]hether

a state court's decision was unreasonable must be assessed in light of the record the [state

appellate] court had before it." Holland v. Jackson,  542 U.S. 649, 652 (2004)(*per*

*curiam*)(citations omitted).  The AEDPA also mandates that factual findings made by a state

trial or appellate court are presumptively correct and may be rebutted only by "clear and

convincing evidence." 28 U.S.C. § 2254(e)(1).

Analysis

      The Supreme Court addressed the Eighth Amendment's cruel and unusual punishment

clause in the context of a sentence for a term of years in a pair of decisions in 2003, <u>Lockyer</u>

<u>v. Andrade</u>, 538 U.S. 63 (2003), and <u>Ewing v. California</u>, 538 U.S. 11 (2003).  In <u>Lockyer</u>,

the petitioner had been convicted of two counts of petty theft and sentenced to two

consecutive terms of 25 years to life in prison under a California law mandating this sentence

for a defendant with three felony convictions, otherwise known as the Three Strikes Law.

The Court recognized in <u>Lockyer</u> that its "precedents in this area [of constitutional law] have

not been a model of clarity." <u>Lockyer</u>, 538 U.S. at 72.  However, under the AEDPA's

standard of habeas review, the Court concluded that its Eighth Amendment jurisprudence

included the "clearly established" federal legal principle that a "gross disproportionality

principle is applicable to sentences for terms of years."[1] <u>Id.</u>

The OCCA did not apply a "proportionality" standard in reviewing Petitioner's

sentence.  Rather, citing <u>Rea v. State</u>, 34 P.3d 148, 149 (Okla. Crim. App. 2001)(rejecting

"proportionality" standard for review of criminal sentence because of "broad discretion"

granted juries in Oklahoma to determine an appropriate sentence), the appellate court applied

its well-recognized "shock the conscience" standard.  <u>See  Maxwell v. State</u>, 775 P.2d 818,

820 (Okla. Crim. App. 1989)(rejecting "proportionality" review for sentences other than

"cases involving life sentences without the possibility of parole" and holding "when a

---

[1]Respondent's argument that Petitioner raises only a state law claim because his "sentence is within statutory limits," Respondent's Response, at 5, fails to recognize either (1) the AEDPA's narrow standard of review which directs the Court to first determine "clearly established" Supreme Court jurisprudence, not circuit court authority, or (2) the Supreme Court's recent decisions addressing the proportionality issue in noncapital cases.

sentence is within statutory limits, it will not be modified unless, after a review of all the facts and circumstances, the sentence is so excessive that it shocks the conscience of this Court"). See also Coates v. State, 137 P.3d 682, 685 (Okla. Crim. App. 2006)(applying "shock the conscience" standard to review consecutive sentences); Dufries v. State, 133 P.3d 887, 891 (Okla. Crim. App. 2006)(finding mandatory sentence of life imprisonment without possibility of parole and $50,000 fine for drug-related conviction after two prior drug-related convictions did not shock the court's conscience).

Although the Supreme Court has clearly stated that the Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences,'" Ewing, 538 U.S. at 20(quoting Harmelin v. Michigan, 501 U.S. 957, 996-997 (1991)(Kennedy, J., concurring in part and concurring in judgment)), the OCCA's decision in Petitioner's case reflects its consideration of the same factors deemed relevant in a proportionality analysis. In Ewing, the Court considered the habeas petitioner's claim that his "three strikes sentence of 25 years to life [was] constitutionally disproportionate to his offense of 'shoplifting three golf clubs.'" Id. at 28. After first noting that the petitioner had misstated the gravity of his offense in framing the issue, the Court considered the seriousness of the offense as well as the petitioner's "long history of felony recidivism" and the state's "choice of sanctions" for repeat offenders which the Court deemed a "legitimate penological goal." Id. at 28-29. The Court concluded that Ewing's sentence was "justified by the State's public-safety interest in incapacitating and deterring recidivist felons, and amply supported by his long, serious criminal record. Id. at 29-30. Quoting from Harmelin, 501 U.S. at 1005, the Court found that

6

this was "not 'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" Id. at 30.

Petitioner's claim of an excessive sentence is based on his assertion that he did not intend to injure the victim during the robbery.  However, Petitioner confessed to the robbery of an 85-year-old woman and was found guilty by a jury of a lesser-included offense of second-degree robbery.  He had three prior felony convictions, one of which, as the OCCA found, involved a similar offense, and his sentence was within the statutory limits for the habitual offender offense.   Unlike the defendant in Solem v. Helm, 463 U.S. 277 (1983)(invalidating sentence under Eighth Amendment), in which the defendant was sentenced to life imprisonment without possibility of parole for writing a "no account" check with intent to defraud, Petitioner committed a violent offense and his sentence provides him with the possibility for parole.  The OCCA's decision reflects its consideration of the circumstances of the Petitioner's offense and the Petitioner's recidivist history in determining that his sentence was not excessive.  The OCCA's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court jurisprudence.  Accordingly, Petitioner is not entitled to habeas relief.

### RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by   September 19th , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The

parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___August_, 2007.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE