### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARREL WAYNE BAILEY,        )<br>                                                       )<br>              Petitioner,             )<br>                                                       )<br>vs.                                                   )<br>                                                       )<br>MARTY SIMMONS, Warden,   )<br>                                                       )<br>              Respondent.           ) | NO. CIV-07-0573-HE |

### **ORDER**

Petitioner Darrell Bailey, a state prisoner appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Gary M. Purcell, who recommended that the petition be denied.

The petitioner filed an objection to the Report and Recommendation, urging that the sentence he received in state court is cruel and unusual punishment and that his case is similar to <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), and <u>Solem v. Helm</u>, 463 U.S. 277 (1983). The Magistrate Judge addressed both of these cases.  He took note of and discussed the application of <u>Lockyer</u>.[1]  He also appropriately distinguished the <u>Solem</u> case, noting that, unlike in <u>Solem</u>, petitioner committed an offense involving violence and that his sentence provides for the possibility of parole.  The court concludes, for substantially the same reasons as the Magistrate Judge, that the disposition of petitioner's Eighth Amendment claim by the

---

[1]*<u>Lockyer</u> provides little, if any, support for petitioner's claim.  In <u>Lockyer</u>, the Supreme Court concluded that a state sentence of two consecutive 25 year terms for a  conviction on two counts of petty theft,  following a prior conviction, was not contrary to nor an unreasonable application of established Supreme Court precedent.  538 U.S. 63.*

Oklahoma courts was not contrary to, or an unreasonable application of, clearly established Supreme Court jurisprudence. Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. # 17] and **DENIES** the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petitioner has also filed a "Brief in Support of Motion for Preparation of Records at Public Expense." He seeks certain transcripts in order to search for unspecified errors that could or should have been raised on direct appeal. A trial transcript "is an absolute matter of right for an indigent criminal defendant" on direct appeal. Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992). However, a § 2254 petitioner "must demonstrate that his claim is not frivolous before the court is required to provide him with a free transcript." *Id.* (citing United States v. MacCollom, 426 U.S. 317 (1976)). "[A]n indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error." *Id.* (citing Hines v. Barker, 422 F.2d 1002, 1006-07 (10th Cir. 1970)). Here, the petitioner seeks a transcript "to assure all viable issues are addressed." The court concludes that the petitioner has not made a sufficient showing and, therefore, **DENIES** the petitioner's motion [Doc. # 20].

**IT IS SO ORDERED**.

Dated this 19th day of December, 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

2